### SHAW *v.* BARNES.

After verdict, a mechanic's lien was held sufficient, which was filed against a house and lot " on the N. side of Lombard street, W. of 9th street, adjoining Stephen Smith's lot on the E.," the number of stories of the house not being mentioned : the claim being for " materials, viz., plastering found and provided in the erection, &c., within the six months last past," a bill of which materials was annexed as follows :—" To plastering house, &c., $51.68," there being no date, or further specification of the materials used.

IN error from the Common Pleas of Philadelphia county.

*Feb.* 25. A verdict having been found for the plaintiff in a *sci. fa.* on a mechanic's lien, the judgment was arrested, and this writ of error taken.

A claim dated 25th May, was filed on the 27th, directing the prothonotary to file a lien according to the act of Assembly, in the following words :

" James D. Shaw claims a lien for fifty-one dollars and sixty-eight cents, against all that certain building, together with the lot whereon the same is erected, situate in the city of Philadelphia, on the north side of Lombard street, west of Ninth street, with piazza and bath-house attached ; adjoining Stephen Smith's lot on the east. Which said building was built by Eliza Barnes, who is the owner of the same, and debtor for the materials hereinafter mentioned : for materials ; viz., plastering found and provided for the

erection and construction of said building by him, the said James D. Shaw, employed in furnishing materials for the said building within six months last past. A bill, or more particular statement of the materials so found and provided, is hereto annexed."

The bill annexed was as follows:

Eliza Barnes, owner or reputed owner, and Jacob Addis contractor.

. To James D. Shaw, Dr.

To plastering house on north side of Lombard street
above Ninth street   -   -   -   -   -   - $51 68

An affidavit of defence was filed, and the cause went to trial on the pleas, that the work was not done nor the materials furnished, and a release.

After verdict for plaintiff, a motion was made in arrest of judgment.

1. Because the claim filed does not specify the locality of the building, nor the size and number of stories of the same, so as sufficiently to identify it.

2. Because the claim does not specify the kind and amount of materials alleged to have been furnished, nor the time when they were furnished, or when the work was done.

3. Because the claim is too vague, indefinite, and uncertain.

The court entered judgment for the defendants.

*Markland*, for plaintiff in error.—The number of the stories is not absolutely required by the act of Assembly; it is a matter of evidence, and any description which sufficiently ascertains the locality will do. Springer *v.* Keyser, 6 Whart. 187; 12 Serg. & Rawle, 301. The second is the material question. In Lehman *v.* Thomas, 5 Watts & Serg. 263, a claim for material in such a form was held defective; but this is not so much a claim for materials as for labour. If for that only, it would be good under Driesbach *v.* Keller, 2 Barr, 78, there being no distinction but that the date is not given in figures. This is not a case in which an account is ever kept of materials; the price of the labour always includes the finding of the lime, sand, &c., composing plaster. These are but incidental to the doing of the work.

*Norris*, contrà.—It would be improper to go beyond Springer *v.* Keyser in the certainty of description. In this case any lot between Ninth street and the Schuylkill would be equally within this description. [BURNSIDE, J. This would be sufficient in a warrant and survey, or in ejectment.] 2. Lehman *v.* Thomas rules this point. The owner has a right to have notice what materials were

furnished, and when, that he may come prepared for trial; he must have an opportunity of distinguishing between the value of the labour and that of the materials. Clearly this would be insufficient as a bill of particulars.

BURNSIDE, J., after stating the case.—The registry of a mechanic's lien required by the act of 1836, must contain a specification of "the locality of the building, and the size and number of stories of the same; or *such other matters of description* as shall be *sufficient to identify the same.*" The lien here claimed is for a specific sum against all that certain building, together with the lot whereon the same is erected, situate in the city of Philadelphia, on the north side of Lombard street, west of Ninth street, with piazza and bath-house attached, adjoining Stephen Smith's lot on the east. Was this building described with sufficient certainty, as to both its locality and structure? The locality was very certain, on the north side of Lombard street, west of Ninth, adjoining Stephen Smith's lot on the east. Stephen Smith's lot fixed the boundary with precision; it adjoined it on the east. As to the locality, we think the act was substantially complied with. Then as to the size of the building, the stories were not given; it is true that is one mode of description mentioned in the act, but the act allows " of *such other matters of description as shall be sufficient to identify the same.*" Is not this house, then, described and identified with reasonable certainty? It is on the north side of Lombard street, west of Ninth street, with piazza and bath-house, and adjoining Stephen Smith's lot on the east. Convenient certainty is enough: "On the south side of Walnut street, between Eleventh and Twelfth streets," is sufficient, although Quince street intervened. 12 Serg. & Rawle, 301; 6 Whart. 187; 5 Rawle, 308. We are all of opinion the building is described with convenient certainty. But it is contended the lien is defective in describing the materials, and when furnished. The act of 1836, Dunlop, 694, does provide, that the claim shall set forth "the amount or sum claimed to be due, and the nature and kind of the work done, *or*, the kind and amount of materials furnished, and the time when the materials were furnished, or the work was done, as the case may be." (His honour then stated the claim and bill annexed.)

This claim is most inartificially drawn. All claims should state when the materials were furnished. 3 Watts & Serg. 258. A lumber merchant should be able to give day and date for every item, and a mechanic to state the commencement and completion of the

job. Lehman *v.* Thomas, 5 Watts & Serg. 262, 263. Every one knows that plastering is almost universally contracted for by the square yard. Generally the plasterer finds the materials, and that seems to be this case. The claim was filed on the 25th May, 1843. The claim was for plastering within six months last past. When we look at *the sum claimed* to be due, and the nature and kind of the work done, within the six months before claim filed, we think it a sufficient compliance with the provisions of the act. These claims are frequently filed by mechanics unaccustomed to legal forms—here there was a trial on the merits. As this court has settled, in Lehman *v.* Thomas, that the court may strike from the record an irregular mechanic's claim on petition and answer, or demurrer, I will get over technical objections, rather than disturb the merits of a case.

The judgment is reversed, and judgment on the verdict.