## Wickersham *versus* Irwin.

One who has purchased the title of the tenant on ground-rent, which had been sold at sheriff's sale, but who has made a gift of the premises and delivered possession before the rent in arrear accrued, but who has not conveyed, and is the owner of the mere legal title, without possession or right of possession, or perception of profits, is not liable, in covenant or other action, to the ground landlord, for the ground-rent in arrear.

Error to the District Court of *Allegheny county.*

This was an action of covenant, brought by Irwin and wife against *Thomas* Wickersham, to recover $569.33, being the amount of four years' ground-rent, from October 1, 1844, to October 1, 1848,

[Wickersham *v.* Irwin.]

charged upon a lot in Pittsburgh.  The wife of Irwin claimed to be heir and devisee of Ewalt, who, by indenture of perpetual lease, dated March 9, 1813, conveyed part of the lot above referred to, to *Isaac* Wickersham, subject to an annual rent of $142.33⅓, payable in half-yearly instalments.

The title of *Isaac* Wickersham to the lot, under the lease, was divested by sheriff's sale; his interest was conveyed to Herr, who, with his wife, conveyed to Thomas Wickersham, the plaintiff in error, subject to the said annual ground-rent.

In June, 1843, *Thomas* Wickersham made a gift of the lot aforesaid to *Isaac* Wickersham, and delivered to him possession of it on the 1st July, 1843, since which time the lot has been in the possession of *Isaac*, and assessed and taxed in his name, as the owner. At the date of the gift, the plaintiff in error had paid the ground-rent on said lot in full to 1st April, 1843.   After this, Isaac paid it till the 1st October, 1844, including the rent which accrued between the 1st April and 1st of July, 1843.   After the 1st October, 1844, Isaac failed to pay, and this action of covenant was brought against Thomas Wickersham.   At the institution of this suit, Thomas was the holder of the *legal* title to the lot, not having executed a conveyance of it to Isaac; and the only *written* evidence of the gift, was contained in certain letters written by the plaintiff in error, at or about the date of the gift.

The plaintiffs declared against the defendant, as the assignee of Isaac, under the deed of perpetual lease.

Defendant plead in bar of the action the several pleas of *non est factum*, covenants performed *absque hoc*, and specially, that he had transferred and assigned over his interest before any rent became due.   And thereupon issue was joined.

On the trial, the defendant offered to prove the gift, and the delivery of possession on 1st July, 1843, and that the property has since been taxed in the name of *Isaac;* and that all rent, from April, 1843, to October, 1844, since paid, has been paid by *Isaac;* and also offered to prove the letters which passed between the defendant and the witness, Samuel M. Wickersham, in relation to said gift.

The court refused to admit the evidence; exception on part of defendant.

Defendant's counsel then requested the court to charge the jury that the plaintiffs are not entitled to recover against the defendant, because he is no party to the deed declared upon, and is declared against as the assignee of the covenantor.

The court reserved the point.—Verdict was rendered for plaintiffs, and the court afterwards decided the reserved point in favor of the plaintiffs.—Defendant's counsel excepted.

Error was assigned to the refusal to admit the evidence; and to

K

the refusal to charge as requested; and in the answer to the point reserved.

The case was argued by *H. W. Williams*, for plaintiff in error. *Bigham*, for defendants in error.

The opinion of the court was delivered by

Rogers, J.—This is an action of covenant to recover the arrears of ground-rent, due on an indenture of perpetual lease, by which Samuel Ewalt, deceased, conveyed part of lot 179, in the city of Pittsburgh, to Isaac Wickersham, subject to an annual rent, &c., payable in half-yearly instalments, to the said Ewalt, his heirs and assigns. The defendant, Thomas Wickersham, who was the assignee of the premises, among other matters, pleaded in bar of the action, that he had transferred and assigned over his interest, before any rent became due. On this, among other pleas, issue was joined. In support of this issue, the defendant offered to prove, that in June, 1843, he made a gift of the property to Isaac Wickersham; that he delivered to him full possession of the premises, in pursuance of the gift; that the property has ever since been taxed in his name, and that all the rent which has since been paid, was paid by the said Isaac, &c. To the evidence so offered, the plaintiff objected, contending that, admitting all to be true, as alleged, still the defendant, being the legal owner of the property, though in trust for Isaac Wickersham, is still liable to the plaintiff for the rent in arrear. And thereupon the court sustained the objection for the reason assigned, and rejected the evidence. From the bill of exceptions, which is our only guide, it distinctly appears, that the only question raised and point decided, in the District Court, was, that inasmuch as the defendant held the legal title, though in trust, he was liable for the ground-rent in arrear, notwithstanding he had previously to the time the rent accrued, conveyed, or what is the same thing, assigned, by way of gift, the equitable interest to another, who was in possession, and in the enjoyment of the property. Was the court right in rejecting the evidence on the exception, and for the reasons assigned, is the only question. I say this is the only question, because it does not appear, but the contrary is evident, that any exception was taken to the evidence, on the ground of the statute of frauds, which now the defendants in error press into the argument in support of the judgment. If the defendant is personally liable in the action, it is because of privity of contract or of estate, and as privity of contract cannot be pretended, the liability must be rested on privity of estate. What, then, is the privity of estate, which subjects a person to personal liability for arrears of ground-rent? And on this point we are at no loss for authority. The privity of estate which induces personal liability, is the actual or beneficial enjoy-

[Wickersham *v.* Irwin.]

ment of the premises, or the right of possession and enjoyment. When there is neither, no personal liability can arise. These principles are clearly recognised in *Woodfall's Landlord & Tenant*, 279; *Platt on Covenants*, 494; Taylor *v.* Shum, 1 *Bos. & Pul.* 24; Weidner *v.* Foster, 2 *Pa. Rep.* 25; Eaton *v.* Jaques, *Doug. Rep.* 445; Thomas *v.* Connell, 5 *Barr* 13, and Berry *v.* McMullen, 17 *Serg. & Rawle* 84. Thus, in Taylor *v.* Shum, BULLER, J., says, an assignee is only liable while he continues to be legal assignee, that is, while he is in the actual possession under the assignment. In Weidner *v.* Foster the court say, an assignee is only liable in respect of his possession, for he bears the burthen only while he enjoys the benefit. So in Berry *v.* McMullen, it is ruled, that one who owns the equitable interest in land, who is in the constructive possession, and may receive the income of it, is liable in covenant, as assignee, for a ground-rent charged thereon, although the legal title is in another, and no trust appears by deed. And in Thomas *v.* Connell, 5 *Barr* 13, it is said, the assignee is liable, personally, from privity of estate, that is, from its actual or beneficial enjoyment, or the right to enjoy it. He is not liable personally, unless he has the possession or right to the possession of the premises on which the rent is charged. The cases cited, and which might be multiplied to an indefinite extent, conclusively prove the persons who are liable, and the reasons on which they are liable, namely, those who have a beneficial interest in the estate; those who are in possession of it, enjoying the profits, or who are entitled to the possession and the enjoyment of it. Does, then, the defendant, the owner of the naked legal title, come within either the spirit or the words of the decision quoted? He is not in privity of estate with the ground landlord, for after the gift of the premises, and the delivery of the possession to the donee, he had neither actual or beneficial possession, nor had he any right to the possession or the enjoyment of the premises. What the defendant offered to prove, we are bound to take as true. There was, therefore, an actual transfer of the possession by the defendant to another, whether by gift or sale matters not, by which the equitable interest passed to the donee, leaving nothing in the donor, except the naked legal title. The idea that both are personally liable, viz. the owner of the legal and equitable title, is most fallacious. The reasons of the liability extend only to the owner of the equitable estate, who is considered in privity of estate with the ground landlord, because he is in possession, and in the enjoyment of the rents, issues, and profits, a reason which does not hold in respect to the owner of the legal title. In addition, it is proper to remark, that the decision of the court cannot well be reconciled with the cases of Eaton *v.* Jaques, *Doug. Rep.* 445; Berry *v.* McMullen, 17 *Serg. & Rawle* 84. In both the cases cited, it is evidently the opinion of the court, that to constitute a privity of estate, something more is required than

[Wickersham *v.* Irwin.]

the fact that the person attempted to be personally charged, is the owner of the legal estate.

It is very true, as was ruled in Irish *v.* Johnson, a case decided at the last term and not yet reported, an action of covenant is not the proper action in a case like the present. But since then, the legislature have passed an act giving to the plaintiff in this case, and in all others similarly situated, full and complete remedy by action of covenant. As the constitutional power of the legislature cannot be doubted, the act cures the error assigned.

Judgment reversed and a *venire de novo* awarded.