IN

# THE SUPREME COURT

OF

## PENNSYLVANIA

~~~~~~~~~~

### WESTERN DISTRICT—PITTSBURGH 1851.

~~~~~~~~~~

## Hannen *versus* Ewalt.

1. All the assignees of a lot of ground subject to ground-rent, though claiming by assignments of different dates, may be *joined* in an action of covenant for the recovery of arrears of the ground-rent accruing after their several assignments.

2. A conveyance of a lot subject to ground-rent was made to A., and also to B. and C., guardians of certain minor heirs, to have and to hold to them, their heirs and assigns, to and for their only proper use for ever; the assignees went into possession, and received the rents till the property was subsequently destroyed by fire. *Held*, That as to B. and C., the term guardians, &c., was but description; and, as they took the possession and received the rents, they were personally responsible for the arrears of ground-rent subsequently becoming due.

3. The liability of an assignee of a lot subject to ground-rent is created *by his acceptance of the assignment*, and his possession or *right* of possession; and where such an assignee did not take *actual* possession, but did not disclaim the acceptance of the assignment, this Court, in the absence of other evidence, will presume that he had accepted the assignment, and, having *the right to possession*, he is personally responsible for the rent accruing after the assignment to him.

ERROR to the District Court of *Allegheny county.*

This was an action of *covenant* on a ground-rent deed, to recover arrears of ground-rent. It was brought by Richard Ewalt against John Hannen, Hugh Davis, and Alexander Stevenson. The lot of ground in Pittsburgh, on which the ground-rent was charged,

had belonged to *Samuel* Ewalt, who conveyed to Bantin and Kep-
ner in fee, subject to a ground-rent of $160 per annum, payable
semi-annually. The title of Bantin and Kepner became vested in
A. Brackenridge, by whom, by deed dated 13th February, 1843, it
was conveyed to John A. Wills, John Hannen, and Hugh Davis,
guardians of the surviving minor heirs of John Wills, deceased,
to have and to hold to them, their heirs and assigns, to and for
their only proper use for ever : subject to the ground-rent before
stated. The receipt for the purchase was given as having been
received from Wills, and from Hannen and Davis, guardians. A
case was stated, in which it was alleged, that Wills had conveyed
his interest to Alexander Stevenson, and since that conveyance,
and before suit brought, two years' ground-rent had accrued. The
first rent claimed became due October 1, 1847, the last and fourth,
April, 1849. In the case agreed on, it was stated that the defend-
ants, Hannen and Davis, and John A. Wills, entered into posses-
sion of the property, in pursuance of the conveyance ; but that
the said Hannen and Davis did not enter thereon as claiming in
their own right (unless by construction of law upon the terms of
the deed from Brackenridge), but in the right and as guardians of
the children of John Wills, deceased. Since the 1st of April,
1845, the said Hannen and Davis have not had actual possession
of the property for themselves, or for any other person, and the
defendant Stevenson never had any actual possession of the lot.

The Court below entered judgment on the case stated, in favour
of the plaintiff, against all of the defendants, for $350, with costs.

It was assigned for error, that the Court erred in not entering
judgment on the case stated for the defendant below, instead of
the plaintiff, for the following reasons : 1. The action should have
been debt, not covenant. 2. Hannen and Davis, who were the
assignees of Brackenridge, and Alexander Stevenson, who was the
assignee of Wills, could not be joined in the same action. 3. No
action lies against Hannen and Davis, whose possession, if any,
is, by intendment of law, the possession of their wards, against
whom the action can be maintained. 4. No action can be sustained
against Hannen and Davis after the 1st of April, 1845, it being
admitted that they have not had *actual* possession of the property,
and no rents having been received by them after that date, *the
property having been destroyed by fire ;* and from that time neither
they nor their wards were liable. 5. No action lies against Ste-
venson, there being no proof of his accepting of the conveyance,
and he not having been in possession. If *he* is not responsible,
the *joint* action must fail.

*Shaler* and *Stanton*, for plaintiffs in error.—On the 2d point,
Gore *v.* Clark, 6 *Holt* 351, was cited. On 3d point, Berry *v.*

[Hannen v. Ewalt.]

McMullin, 17 *Ser. & R.* 84; *Hill on Trusts* 509; *4 Term Rep.* 70. On 4th point, 2 *Wend.* 492.

*Bigham* and *Leslie*, contrà.

The opinion of the Court was delivered Sept. 8, 1851, by

CHAMBERS, J.—This is an action of covenant by assignees of the lessor, against the assignees of lessee, for arrears of ground-rent.

The first error relied on in the argument of the plaintiff in error, is, that Hannen and Davis, assignees of Brackenridge, and Stevenson, assignee of John A. Wills, could not be joined in the same action.

The defendants are assignees, by virtue of various mesne assignments of the original lessees, Bantin and Kepner; and as such are bound by privity of estate for covenants in law to pay the rent reserved: *Comyn on Law of Land. and Ten.* 257. A covenant to pay rent is one running with the land, and binds the assignee though not named: *id.;* 2 *Salk.* 5, Parker *v.* Will; *Doug.* 183, Hoford *v.* Hatch; 2 *Penn. Rep.* 464, Roger *v.* Ake.

The liability of the assignee is created by the acceptance of an assignment and the taking possession of the premises, or having the right of possession, where there was no actual possession by another. The privity of estate which induces personal liability is the actual or beneficial enjoyment of the premises, or the right of possession; where there is neither, no personal liability can arise: 14 *State Rep.* 111, Wickersham *v.* Irwin; 5 *Barr* 14, Thomas *v.* Connel. The lessor having reserved a rent out of the property conveyed by deed, has his remedy against all who stand in relation to him as assignee: and when the rent reserved is one sum, he is not bound to sever in his action, but may join all the parties. Where the contract is entire, and the estate subdivided by the lessees, the lessor or his assignee is not obliged to split up his claim for the rent, and apportion the same amongst the assignees of the lessee, but may proceed against all jointly standing in that relation.

The third and fourth errors assigned as to the right of action against Hannen and Davis, whose possession if any is alleged to have been that of their wards, will be considered together.

In the deed of assignment, Hannen and Davis, in the introductory part, are called guardians of the surviving minor heirs of John Wills. This is but description; and in no other part are they called such; and the estate is conveyed to them, their heirs and assigns, to and for their only proper use for ever. They went into possession, and whilst the property was productive, received the rents. The destruction of the building on the premises by the great fire which ravaged so much of the city of Pittsburgh, was an event unforeseen, and destructive of the interests of the

[Hannen *v.* Ewalt.]

assignees.   Before that calamity, the property was no doubt bene-
ficial to the parties in possession, who had every reason to expect
that it would continue such in this improving city.  This confidence
may have induced Messrs. Hannen and Davis, as guardians, to be
less cautious in the transaction in guarding against any recurrence
to themselves, or their estates, in case of failure to receive from
the property what was equal to the reserved rents.   They allowed
the assignment to be made to themselves, and having gone into
possession, incurred all the responsibility of assignees chargeable
with the rents accruing after the assignment.   Mere caution on
their part, would have had the assignment made to their wards;
and when the property was suddenly reduced to ruins, they might
have protected themselves against the accruing rents by an assign-
ment to their wards, if there were a prospect of the property ac-
quiring any value for them; or if no such value was reasonably
to be expected, they might have assigned to any person, with or
without means, who would accept of the assignment.  The assignee
being liable upon the covenants merely in respect of the privity
of estate, and no privity of contract existing between them and
the original lessor, his liability lasts only so long as he remains
possessed of the estate.   An assignment to a mere pauper will
not be deemed fraudulent, and an assignment to a *feme covert* will
discharge the assignee: *Doug.* 452; *Co. Lit.* 3 *a*; *Comyn on
Land. and Ten.* 272.   Messrs. Hannen and Davis having as
assignees continued in the ownership of the property, and with the
right to the possession, which gave them a constructive possession,
where there was no actual possession in opposition to them, they
are subject to the responsibilities imposed by the law in favour of
the lessor, and are liable in this action.

The fifth error assigned is that no action lies against Stevenson,
who, it is alleged, had not accepted the conveyance, or gone into
possession.

If John A. Wills was not divested of his interest by his assign-
ment to Stevenson, he would continue still liable for the rents that
had accrued: and unless the assignment was accepted by his
assignee, it was not operative to pass his interest or relieve him
of his responsibility.   The case in this particular is not as fully
stated as is desirable, and this Court is left to implication as to
the acceptance of the assignment by Stevenson.   It is stated that
the conveyance to Stevenson by John A. Wills, was made some
two years or more before the institution of this suit; and that he
never had actual possession of the lot.   As Stevenson has not dis-
claimed the acceptance of the assignment, under which he had a
right to the possession which gave him a constructive possession
of the property, not occupied exclusively by any other, the Court
will intend that he had accepted the said assignment, and with the

[Hannen v. Ewalt.]

right to the possession of the part of John A. Wills, is responsible in this action for the rents which accrued after that assignment.

Possession by a tenant is not essential to his liability: *Woodfal's Land. and Ten.* 348. Under an absolute assignment the assignee is liable for the rent before actual possession, for by the assignment the title and possessory right pass, and the assignee becomes possessed in law: Weidner v. Foster, 2 *Penn. Rep.* 26; Berry v. McMullen, 17 *Ser. & R.* 87. As to actual possession, that must depend on the nature of the property; as in the case of waste or unprofitable ground: *id.* When the possession is vacant, it nevertheless is the close of him who has the right: Mather v. Members of Trinity Church, 3 *Ser. & R.* 514; Berry v. McMullen, 17 *Ser. & R.* 87. The nature of the property since the destruction of the building, presents the case of a lot covered with ruins, and as such unprofitable by actual occupation, without rebuilding and heavy expenditure, which the parties in interest may not be willing yet to assume. Yet by construction of law the possession of the lot is that of the assignees, with the attendant responsibility so long as they stand in that relation.

In the opinion of the Court there was no error in the judgment of the Court below, and that          Judgment is affirmed.