# McClaren *v.* Citizens' Oil & Gas Company.

*Oil and gas lease—Liability of assignees.*

The liability of an assignee of an oil and gas lease for the rents and royalties which accrue to the lessor, is founded in privity of estate. He takes the lease with notice of its covenants and is liable for all breaches thereof which occur while he holds title but is not liable for such as happen after he ceases to be privy to the estate of the lessee. Each successive assignee is liable for covenants maturing while the title is held by him.

*Oil and gas lease—Privity of estate—Beneficial interest.*

When the assignee of a leasehold estate executes a lease of the premises, reserving a larger rent or containing covenants more advantageous to the lessor than those found in the original leasehold, he reserves to himself a benefit derived under the original lease and his privity of estate is thus continued.

*Oil and gas lease—Actions for royalty—Privity of estate.*

A landlord may sue any person or firm, who may be liable under the law, for the entire rental. He is not bound to sever his action, nor to bring it in such a form as to further the convenience of one who had attempted to make a profit for himself out of the estate by creating a new estate upon essentially different conditions.

Argued May 16, 1900. Appeal, No. 137, April T., 1900, by defendant in suit of Alexander McClaren against William A. Zahn et al., trading as Citizens' Oil & Gas Company, from judgment of C. P. Lawrence Co., June T., 1898, No. 57, in favor of plaintiff for want of a sufficient affidavit of defense. Before

RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Assumpsit for gas rental under an oil and gas lease. Before MILLER, P. J., of the 35th judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court.

The court below entered judgment in favor of plaintiff for want of a sufficient affidavit of defense for $408. Defendant appealed.

*Error assigned* was entering judgment in favor of plaintiff for want of a sufficient affidavit of defense.

*C. M. Thorp*, with him *S. W. Dana* and *A. Leo. Weil*, for appellant.—There is no privity of contract or estate between the plaintiff and appellants: Wickersham v. Irwin, 14 Pa. 108; Thomas v. Connell, 5 Pa. 13; Berry v. McMullen, 17 S. & R. 84; Negley v. Morgan, 46 Pa. 281; Weidner v. Foster, 2 P. & W. 23; Hannen v. Ewalt, 18 Pa. 9.

These cases we submit, show conclusively that the appellants should not be compelled to pay the rental claimed. They derived no benefit from the lease during this period. They were not in possession during this period. The benefit was derived by the McMillins or their assignees, the Big Meadows Gas Company, and the possession was in them under and by virtue of the appellants' assignment.

This doctrine of privity of estate is one constructed for the benefit of the landlord. The latter has the liability of the original lessee and his right of distraint to rely on also. He is already a favorite of the law. We submit that he should not be a mendicant begging for greater favors and is not entitled to an extension of the doctrine of privity of estate, which will make a new class of persons liable to him. If he has improvements on his land out of which to make his rent, and the personal liability of Book, the man he leased to, and of the McMillins, and the Big Meadows Gas Company, he is surely entitled to nothing more.

*James A. Gardner*, for appellees.—There is such a privity here as will support a recovery, the defendants being assignees:

Spencer's Case, 1 Sm. Ldg. Cases (9th Am. ed.), 174, 216, 217, 222, 226, 227; Borland's Appeal, 66 Pa. 470; Hannen v. Ewalt, 18 Pa. 9.

The defendants, whether they be the legal or equitable owners of the Book contract, are liable for the rentals, as they receive the income and profits: Berry v. McMullen, 17 S. & R. 84; Duff v. Bayard, 4 W. & S. 240; Elkinton v. Newman, 20 Pa. 281.

The privity of estate which induces liability is the actual or beneficial enjoyment of the premises, or the right of possession and enjoyment. It is the equitable title as against the legal: Wickersham v. Irwin, 14 Pa. 108; Hannen v. Ewalt, 18 Pa. 9.

Actual possession is not really necessary. The assignee is liable from the time of the assignment, even if the possession were vacant, for it is the close of him who has the right: Hannen v. Ewalt, 18 Pa. 9.

The acceptance of the assignment, the taking possession, or having the right to take possession, fixes the liability of the assignee, who is bound by his privity of estate; Hannen v. Ewalt, 18 Pa. 9; Negley v. Morgan, 46 Pa. 281.

Even an assignment by an assignee, which does not put an end to his actual or beneficial possession, or his right to possession, is not sufficient to destroy the privity of estate: Negley v. Morgan, 46 Pa. 281.

There is no merit in the objection, and it is doubtful whether it is good even if he were liable, the action being by reason of a privity of estate and not by contract, in which case it is not necessary to join all the owners: Spencer's Case, 1 Sm. Ldg. Cases (9th Am. ed.), 227.

Besides, these parties were doing business as the " Citizens' Oil and Gas Company " and the McMillins, as trustees, were required to account to them as such; and before the defendants can raise the plea in abatement, they should have alleged their compliance with the Act of April 14, 1851, P. L. 612, secs. 13, 14, that the partnership is registered: Cooper v. Sherman, 3 Kulp, 40; Hoffman v. Galland, 1 Leg. Rec. 16.

This whole case, therefore, depends upon the construction of the various contracts, the decisions, facts and decrees of the courts aforesaid, and there is no fact upon which a jury could be called upon to pass. The defendants being the beneficial

and actual owners are liable to the plaintiffs for the rents, and the judgment of the court below is correct.

OPINION BY W. D. PORTER, J., July 26, 1900:

This action was brought against the defendants as surviving partners trading as the Citizens' Oil & Gas Company. The affidavit of defense admits to be true the averments contained in the first, second, third and fourth paragraphs of plaintiff's statement. The paragraphs in question substantially aver the following facts: That the plaintiff, on November 25, 1890, by agreement in writing, leased unto Thomas A. Book, for the sole and only purpose of drilling and operating for oil or gas, a certain tract of land in Lawrence county. The covenants of the lessee which are now material were that he would deliver one eighth of the oil discovered and produced on said premises in pipe lines connected with the well, to the credit of the lessor; and in case gas was obtained in paying quantities that he would pay to the lessor $200 per annum for each and every well, so long as utilized or marketed. By virtue of various mesne assignments, all the estate created by said lease, grant or contract became vested in the defendants and William P. Bennett, partners doing business as the Citizens' Oil & Gas Company, who operated this and other leases under that firm style. William P. Bennett, died, leaving the defendants as surviving partners.

A well was drilled on the premises, gas therefrom was produced in paying quantities, and the same was utilized and marketed. It is admitted that the plaintiff is entitled to receive the amount for which this action is brought, from some quarter, under the terms of the lease. There was no privity of contract between the parties to this litigation, and if the defendants are to be held it must be from privity of estate. The defendants admit that they had become privies to the estate created by the leasehold, but aver that such privity of estate had ceased, by force of a contract which they contended, as a matter of law, extinguished their estate in the land. The agreement upon which the defendants rely was entered into by all the members of the defendant company, as parties of the first part, and E. A. McMillin, one of their own number, and J. M. McMillin, who was not a member of the company,

parties of the second part.  It was dated January 31, 1893, and contained the following covenants which are now material. The agreement recited that the parties of the first part were the joint owners of certain oil leases upon which two wells had been drilled, and declared the purpose for which the agreement was made in the following language: "And whereas, all of said owners are desirous of having said gas used in such a manner as to realize a profit to all of the said owners, and the parties of the second part are willing to undertake to provide for the piping and consumption thereof in such a manner as to realize a profit therefrom.   Now, therefore, in consideration of the premises, etc., the said parties of the first part do grant, bargain, sell, assign and transfer to the parties of the second part, their executors, administrators and assigns, the exclusive right and privilege of drilling on said premises for natural gas, and of piping and conducting therefrom the natural gas, and of selling the same for and during the term of said leases; it being the intention to hereby grant all and every right and privilege with reference to drilling on said lands for natural gas and of obtaining and disposing of the same as are possessed by the parties of the first part."   The parties of the second part agreed, at their own proper cost and expense, to connect the gas wells with the pipe line and conduct the gas therefrom to New Castle, Pennsylvania within ninety days from that date.  "That they will sell said gas, and any other gas that may be obtained from or through other wells on said premises, for the best price that can be obtained therefor, and will apply the proceeds arising from the sales thereof as follows, viz.:  To payment of all royalties and rentals due or to become due on any or all of said leases; to the drilling of any and all wells on said leases that may become necessary for the profitable management thereof, and to the general expenses of carrying on the business and conducting and selling the gas, and collect the proceeds of the sale thereof; provided, however, the said general expenses shall not exceed $200 in any one month.   It being expressly agreed that said second parties, their executors, administrators and assigns, shall, at their own expense, lay any and all pipe lines made necessary, and connect all wells with the line, and that the same shall not be paid out of the proceeds arising from the sale of gas.   After the payment of the

above-mentioned royalties, rentals, drilling expenses and general expenses, said second parties shall pay to William A. Zahn, the treasurer appointed by the owners of said leases, or his successor in office, the full equal one fourth of the remaining proceeds arising from the sale of said natural gas, the said amount to be paid to said treasurer in quarter-yearly payments and the amounts so paid shall by the treasurer be distributed to and among each and every one of the stockholders, in proportion to the number of shares held by each." The agreement further provided that a failure of the parties of the second part to keep the covenants and agreements should work a forfeiture of the contract and all the estate, title and interest thereby granted to them. E. A. McMillin and J. M. McMillin proceeded to carry out the terms of this agreement, entered upon the premises and marketed the gas. In a proceeding in equity subsequently instituted by the present defendants, the above recited agreement was, by the Supreme Court of the state, decreed to be fraudulent and void, and E. A. McMillin and J. M. McMillin were declared to hold all contracts and property which they had acquired thereunder as trustees for these defendants. For the purposes of this case we do not consider the litigation between the parties to that agreement, nor its results, material to the present inquiry.

The liability of an assignee of the lessee of an oil and gas lease for the rents and royalties which accrue to the lessor, is founded in privity of estate. He takes the lease with notice of its covenants, and is liable for all breaches thereof which occur while he holds the title, but is not liable for such as happen after he ceases to be privy to the estate of the lessee. Each successive assignee is liable for covenants maturing while the title is held by him : Washington Gas Company v. Johnson, 123 Pa. 576 ; Fennell v. Guffey, 139 Pa. 341. The principles upon which privity of estate in leases for the purposes of operating for oil and gas is to be determined, are in no wise different from those which apply to any other lease of land reserving rent. The privity of estate which induces the liability of the assignee is the actual or beneficial enjoyment of the premises. It is not necessary that the legal title shall be, or shall continue, in him who is to be held because of privity of estate. One who has a beneficial interest in the estate created by the lease,

or enjoys the profits thereof, or has a right to enjoy such profits, is in privity of estate, as the successor to the title of the lessee: Wickersham v. Irwin, 14 Pa. 108; Thomas v. Connell, 5 Pa. 13; Hannen v. Ewalt, 18 Pa. 9. "It is not necessary that he should actually receive profits, or be in the actual possession of the land; it is sufficient that he is the owner of the equitable interest and in the constructive possession." "The law regards substance, not form, and looks to the real transfer of property, not a mere form of conveyance in which the legal title is in one and the equitable title in another:" Berry v. McMullen, 17 S. & R. 84. The defendants in the present case having entered under an assignment, and thus come into privity, that privity continues as long as their beneficial enjoyment of the demised property or right to it remains. "Something more, then, is required to terminate the privity of an assignee of premises subject to rent, and his consequent liability, than an assignment which does not put an end to his actual or beneficial possession:" Negley v. Morgan, 46 Pa. 281.

The agreement between the defendants and E. A. and J. M. McMillin was not and did not pretend to be a conveyance to the latter of the estate in the lands of the plaintiff, which the defendants had acquired as successors to Thomas A. Book. It declared upon its face that its purpose was to realize a profit to the owners of the leases, and to carry this purpose into effect the owners of the leases conveyed the leased premises to the McMillins, upon terms essentially different from those of the original lease. This agreement required McMillin, at his own expense, to lay pipe lines and conduct the gas to a distant market, and there sell the same and account for the proceeds. After the payment of royalties, rentals, drilling wells and a small sum per month for general expenses of operating the leases, one fourth of the proceeds arising from the sale of the gas was to be paid to these defendants. The oil right in the property did not pass from the defendants to McMillin. It thus appears that, while McMillin was not required to pay the royalties and rentals unless the fund derived from the sale of the gas was sufficient for that purpose, the defendants were not liable for the expenses of drilling the wells, and thus had the advantage of the development of their property at McMillin's expense. The parties, in their agreement, recognized the fact

that McMillin did not acquire title to the estate created by the lease to Book, for the one quarter of the proceeds arising from the sale of the gas was to be paid " to William A. Zahn, the treasurer appointed by the owners of said leases, or his successor in office." In case of failure of McMillin to perform his covenants, the defendants had a right to forfeit the lease and take possession. In short, the defendants retained the estate created by the lease to Book, in privity with which they then were, and carved out of it a new leasehold estate in the lands, upon terms which assured them a substantial benefit and for their own profit. When the assignee of a leasehold estate executes a lease of the premises, reserving a larger rent or containing covenants more advantageous to the lessor than those found in the original leasehold, he reserves to himself a benefit derived under the original lease and his privity of estate is thus continued. He does not convey the estate which he had accepted as assignee of the original lessee, but creates a new estate, to which he assumes the character of landlord. The agreement into which the defendants entered with E. A. and J. M. McMillin did not destroy the privity of estate which rendered them liable as assignees of the lease to Thomas A. Book.

The allegation of the affidavit of defense that William P. Bennett, a deceased partner, ought to have been made a party defendant in this proceeding is not worthy of consideration. The affidavit of defense did not deny that the leasehold had been held as partnership property. It admitted that William P. Bennett had died prior to the bringing of this action, and it is not necessary in Pennsylvania to make the personal representatives of a deceased partner defendants in an action against the partnership. The allegation that J. M. McMillin ought to have been made a party defendant is equally without merit. The affidavit does not allege that McMillin was a member of the partnership, it relies upon the allegation that McMillin had acquired an interest in the lease by reason of his having been a party to the agreement between these defendants and E. A. McMillin and J. M. McMillin, hereinbefore set forth. We have arrived at the conclusion that, at most, McMillin was simply a tenant under these defendants. It is true that the plaintiff might have brought an action jointly against all who were privies to the estate which he had by leasehold created.

His contract was entire; he could sue any firm or person who might be liable under the law for the entire rental; he was not bound to sever his action, nor was he bound to bring his action in such a form as to further the convenience of one who had attempted to make a profit for himself out of the estate by creating a new estate upon essentially different conditions: Hannen v. Ewalt, 18 Pa. 9.

The learned court below very properly entered judgment for want of a sufficient affidavit of defense, which judgment is now affirmed.