## Negley *versus* Morgan.

*Liability of assignee of lease for rent, after assignment of his interest in the term.*

Where half-yearly rent, for premises occupied by an assignee of a lease thereon, became due October 1st, and he remained in possession until the last day of September, not finally removing until that day, he was held liable for the rent, notwithstanding an assignment of his interest in the premises two or three days before.

ERROR to the District Court of *Allegheny county.*

This was an action of debt by James B. Morgan against F. C. Negley for six months' rent, falling due October 1st 1861, upon certain lots of ground used as coal and lime depots, in the city of Pittsburgh, which had been leased by said Morgan to Baldwin & Cheney, who, on the 20th of September 1859, assigned their interest as lessees to said F. C. Negley. By an agreement, dated August 31st 1853, the plaintiff leased to Baldwin & Cheney three lots of ground for a term of five years, from and after the 1st day of October 1853, at a yearly rent of $250, payable half-yearly, on the 1st day of April and October. In December 1853, he leased three other lots of ground to Baldwin & Cheney for five years from April 1st 1854, at $250 per annum, payable semi-annually on the 1st of October and April. By a supplemental agreement in writing, dated October 7th 1858, the said Morgan and Baldwin & Cheney agreed to continue both of said leases for five years from the 1st day of October 1858. September 20th 1859, Baldwin & Cheney assigned (*inter alia*) the leases to F. C. Negley, who immediately entered into possession of part of the leasehold premises. John Kearney being in possession of the residue thereof, under Baldwin & Cheney, continued under Negley until September 30th 1861, and paid rent to Negley up to October 1st. On September 27th 1861, Negley assigned the lease to Jonas Smith, subject to the accruing rent, &c. Most of Negley's personal property had been removed prior to that time, and the residue on or before the 30th, except a small office building which was removed on that day, and a branch railroad track which was removed on the 1st of October. Jonas Smith, the assignee, had possession of the premises on and after September 30th. John Kearney having declined to rent from Jonas Smith, also removed from the premises prior to the 1st of October 1861.

F. C. Negley was in possession two years or thereabouts, and had paid two years' rent, viz., the rent falling due October 1859, April and October 1860, and April 1861.

[Negley *v.* Morgan.]

The plaintiff declared upon the leases from Morgan to Baldwin & Cheney, and that "the said Baldwin & Cheney afterwards, to wit, on the 1st day of October 1858, assigned their interest in said agreements, and as lessees aforesaid, to the said F. C. Negley, whereupon, by virtue thereof, he entered into possession of the said premises on the day and year last aforesaid, and so continued until the 30th day of September 1861; and the said plaintiff in fact saith, that after said assignment, and during the continuance of said term, and whilst said defendant was so possessed of said demised premises, to wit, on the 1st day of October 1861, at the county aforesaid, a large sum of money, to wit, $250 of the rent aforesaid, for the half-year of said term, ending on the day and year last aforesaid, became due from said defendant to the plaintiff, and is still in arrear and unpaid, contrary to the form and effect of the aforesaid agreements and writing by the said Baldwin & Cheney in that behalf made; by reason whereof an action hath accrued," &c.

On the trial of the cause the counsel of the defendant requested the court to charge the jury :—

1. That the liability of an assignee of a lease springs altogether from his relation to the land, and when he severs that relation, he ends his further liability for subsequent breach of any kind; therefore the defendant, as assignee of Baldwin & Cheney, is not liable for rent which fell due after he transferred his interest or estate to Jonas Smith.

2. That the defendant's liability, prior to the assignment of his interest or estate to Jonas Smith, was founded solely upon privity of estate, and he had the right to terminate that liability at any moment by a transfer, sale, or assignment of his said interest, and he is not liable for any breach of the covenants of the lease which occurred after the date of such transfer.

3. That the plaintiff cannot recover upon the pleadings and evidence in this cause.

4. That this action cannot be maintained against the defendant, Negley, for rent which became due upon the 1st day of October 1861, if the jury believe, from the evidence, that defendant assigned his interest in the leasehold premises, and vacated the premises prior to that date.

The court (WILLIAMS, J.) charged the jury "that if they found that the defendant continued in possession of the demised premises until the 30th of September 1861, and did not remove from the same until that day, he was liable to the plaintiff for the half-year's rent for which this action is brought, notwithstanding the assignment of his interest to Jonas Smith in the said premises, on the 27th or 28th of September 1861; and declined to charge as requested by the defendant's counsel, in the

[Negley v. Morgan.]

points submitted by him;" which was the error assigned here by the defendant.

*Thomas M. Marshall* and *A. M. Brown*, for plaintiff in error. —The question raised by the record in this case is, whether the assignee of lessees is liable to the lessor, in an action of debt, for rent which became due after he had assigned and abandoned the premises, and whilst the sub-assignee was in actual possession. The plaintiff· declared against Negley, as assignee of Baldwin & Cheney, and claims to recover against him solely upon the ground of privity of estate, and not by reason of any privity of contract, and gave evidence tending to show that Negley was only in possession until the 30th of September 1861, and that he was not in possession of the premises on October 1st 1861, when the rent became due. We think the court should have instructed the jury that, under the pleadings and evidence in the cause, the plaintiff could not recover. It is immaterial whether Negley had been in possession much or little of the current half-year, if he assigned and abandoned the premises before the rent fell due. An assignment made one day before the rent became due, is as effective in relieving him from liability as if it had been made one month earlier. The assignee becomes and remains liable only for such breaches as occur whilst he holds the land; and that liability springs altogether from his relation to the land, and when he severs that relation he ends his further liability for subsequent breach of any kind: Smith's Landlord and Tenant 294; 1 Smith's Lead. Cases 163, 181; Taylor v. Shrum, 1 B. & P. 21; Wickersham v. Irwin, 2 Harris 108; Mackey v. Robinson, 2 Jones 172.

The whole matter may be summed up thus: The assignee is liable by reason of privity of estate; his liability therefore continues no longer than his estate. He remains liable after the estate has ceased, but not for rent accruing after its cessation: 1 Smith's Lead. Cases 177, 181. See also 1 Smith's Lead. Cases 123; Hannen v. Ewalt, 6 Harris 9; 21 Verm. 32; Amesbaugh v. Wheeler, 9 Cowen 818; Kempton v. Walker, 9 Verm. 191; Thomas v. Connell, 5 Barr 15.

In some cases where this question was not directly before the court, but the question was, whether an equitable estate in the assignee with possession was sufficient, without the legal estate, to render him liable, a latitude of expression is sometimes used concerning the enjoyment of the profits and the possession, which might mislead unless attention is directed to the point intended to be illustrated. Such cases only decide that an equitable title, or title of the *cestui que trust*, with possession or the right of possession, is sufficient to create privity of estate. It is nowhere intimated that the assignee's liability is in the nature of a *quantum meruit*,

[Negley *v.* Morgan.]

or as for use and occupation. He is liable only for a breach of a covenant, or contract existing in the title of the land, and if no rent falls due and remains in arrear before he assigns, then no breach has happened in his time.

*Hamilton & Acheson,* for defendant in error.—Negley was liable to Morgan for the rent in controversy, by virtue of privity of estate, which continued to the expiration of the six months, notwithstanding the assignment to Smith. The mere assignment of a term, without a corresponding change of possession, will not destroy the privity of estate arising from the possession of the assignor. In respect to the period during which the rent was accruing, and had accrued, the privity between Morgan and Negley continued. Where a house was leased on the 10th of January for one year, the rent being payable on the 10th of the next January, it was held that the year was ended on the 9th of January, and the lessor could sue for the rent on the 10th: Johnston *v.* Smith, 1 Ashmead 197.

A lease of land for one year from the 1st day of April expires on the last day of March of the next year: Mary *v.* Anderson, 12 Harris 272. The jury, under the charge of the court, having found that Negley was in possession of the demised premises on the last day of September 1861, the law would adjudge his possession to continue to the last point of time of that day. The rent then became due, although perhaps not demandable, or liable to be sued or distrained for, until the following day. As the assignment did not become effectual to pass the term until the actual possession was transferred to the assignee, and as that was not done until after the expiration of the six months, it follows that Smith, the assignee, took no interest whatever in the term, until after the rent in question had become due.

The opinion of the court was delivered, November 5th 1863, by

STRONG, J.—Undoubtedly an assignee of a term is liable only for such portion of the rent reserved as falls due during the continuance of his connection with the demised premises. He is liable at all, only by reason of privity of estate, and therefore liable for no more than such breaches of the covenants running with the land as occur while the privity continues. Hence it is said his assignment of the term, even though to a pauper, terminates his liability for any subsequent breaches, for it breaks the privity of estate.

But to work such an effect the privity must be absolutely destroyed. The assignee, having entered under an assignment, and thus come into privity, that privity continues as long as his beneficial enjoyment of the demised property or right to it re-

[Negley *v.* Morgan.]

mains. This is manifest when it is. considered what the privity of estate, out of which arises his personal liability, is. It is the actual or beneficial enjoyment of the premises, or the right of possession and enjoyment. Thus in Weidner *v.* Foster, 2 Penna. 25, it was said, " an assignee is only liable in respect of his possession, for he bears the burden only while he enjoys the benefit." In Thomas *v.* Connell, 5 Barr 13, the language of the court was, that the assignee " is only liable personally from privity of estate, that is, from its actual or beneficial enjoyment, or the right to it." Again, in Hannen *v.* Ewalt, 6 Harris 9, it is said, " the privity of estate which induces personal liability, is the actual or beneficial enjoyment of the premises, or the right of possession." Such also is the doctrine of Wickersham *v.* Irwin, 2 Harris 108, of Taylor *v.* Shrum, 1 Bos. & Pul. 24, and of the authorities generally. Something more, then, is required to terminate the privity of an assignee of premises subject to rent and his consequent liability, than an assignment which does not put an end to his actual or beneficial possession, and his right to possession.

Applying these principles to the present case, they fully vindicate the instructions given to the jury by the learned judge of the District Court. The rent for which the plaintiff in error was sued fell due on the 30th September 1861, at its close: Marys *v.* Anderson, 12 Harris 272. He was the assignee of the lessee, and was in actual possession, as found by the jury, on that day. True, he had assigned three days before, but he remained in possession, and by claiming and receiving the rent of a part of the premises from his undertenant, on the 1st of October 1861, as rent up to that day, he had the beneficial enjoyment when the covenant to pay rent to the lessor was broken. Under such circumstances. the privity out of which his liability to pay arose was not destroyed by the assignment.

The judgment is affirmed.