## WILLIAM FENNELL v. J. M. GUFFEY.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 2 OF ALLEGHENY COUNTY.

|139   341|
|:--|
|155    40.|
|139   341|
|188   610|
| 139        341|
|     21 SC ¹365|

Argued November 7, 1890—Decided January 5, 1891.

1. Covenants to pay rent or royalty run with the land; and the assignee
   of a lease of land for oil and gas production is liable to the lessor for
   the payment of all rents or royalties which accrue while he holds an as-
   signment of the lease.

(*a*) A lease of oil lands required the lessee to complete a well within six
   months from its date, and, on a failure so to do, to pay to the lessor "for
   such delay, the sum of $231 per annum, within three months after the
   time for completing such well."

(*b*) No well was completed; and, about eight months from its date, the
   lease was assigned to a third person, who continued to hold it but never
   began operations under it. Subsequently, the lessor brought assump-
   sit for four annual payments of $231 each:

2. In such case, the first annual payment had not accrued, nor was there
   a breach of the covenant to pay it, until after the assignment; and, in-
   asmuch as the instalments sued for all accrued while the defendant held
   the assignment, all were recoverable.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 233 October Term 1890, Sup. Ct.; court below, No. 131
October Term 1890, C. P. No. 2.

On August 7, 1890, William Fennell brought assumpsit
against James M. Guffey, filing a statement of claim, verified by
affidavit, to recover payments of $231 each, coming due Feb-
ruary 12, 1887, 1888, 1889 and 1890, with interest, under a lease
for twenty years of the plaintiff's land for oil and gas produc-
tion executed and delivered to E. C. Beardsley on May 12, 1886,
assigned by E. C. Beardsley on January 24, 1887, to J. M. Guf-
fey, the defendant, and containing the following provision upon
which the action was based:

" Operations on the above described premises shall be com-
menced and one well completed within six months from the
date hereof; and, in case of a failure to complete one well within

---

* See Ray v. Natural Gas Co., 138 Pa. 576.

## Opinion of Court below.

such time, the party of the second part hereby agrees to pay to the party of the first part, for such delay, the sum of $231 per annum, within three months after the time for completing such well as above described, payable at bank aforesaid; and the party of the first part hereby agrees to accept such sum as full consideration and payment for such yearly delay, until the well shall be completed; and a failure to complete one well or to make any such payments, within such time and at such place as above mentioned, renders this lease null and void, and to remain without effect between the parties hereto."[*]

The defendant, on September 13, 1890, filed an affidavit of defence, making the following averments:

"1. That defendant never was in possession of the leased premises; that the covenant to drill the well was broken before the assignment to him, and that, as assignee, he cannot be held for any damages for such breach.

"2. That plaintiff's right of action is against the lessee, Beardsley, and it is limited to the damages accrued at the time of breach.

"3. That, by its own terms, the parties to the lease had agreed it should be void and of no effect as to either party, upon the lessee's failure to drill a well or pay the damages for such failure; and plaintiff can recover only $231, the amount of damages accrued at the time of the forfeiture."

A rule for judgment for want of a sufficient affidavit of defence having been argued, the court, EWING, P. J. filed the following opinion:

As we interpret this lease, E. C. Beardsley and his assigns obtained an exclusive right to bore for gas and oil on the plaintiff's farm, for a period of twenty years from the date of the lease. The consideration was the agreement to develop the land for oil, etc., and to pay the royalty on oil produced. The lessee had six months in which to complete a test well without any payment to the lessor. If such well was not completed at the end of six months, the lessee had at his option a right to continue the delay, by paying to the lessor " for such delay, the sum of $231 per annum, within three months after the time for

---

[*] Compare with Galey v. Kellerman, 123 Pa. 492–93.

completing such well." And, by paying this annual sum, he would continue his right to bore to the end of his term.

The annual payment for delay is not for the six months which he had without any payment. "The party of the first part hereby agrees to accept such sum as full consideration and payment for such yearly delay, until one well shall be completed." The lessee, then, had the option to put down one well or to pay the yearly payment of $231. The clause of forfeiture, in case of a failure to put down a well or to pay the yearly payment within the time stipulated, being for the benefit of the lessor, the defendant cannot take advantage of his own default and try to claim a forfeiture of the contract: Wills v. Natural Gas Co., 130 Pa. 222. The lessor claims to enforce the contract.

The defendant, who took an assignment of the lease on January 24, 1887, took an assignment of the lease after the six months stipulated for the putting down of the well had expired, but before any rent for the after delay was due. This he admits, but he asserts that he has not entered into possession of the farm. This is not necessary to make him liable. He is not entitled to possession except for the purpose of boring for oil, and this he declines to do. He is liable for all the breaches of the covenant by his assignor, which occurred subsequent to his acceptance of the assignment. If the payment of the first $231 yearly payment is for breach of the covenant to put down the well in six months, then the assignee is not liable for that payment. If it is, as we interpret it to be, an alternate and optional covenant to pay for further delay at the end of three months for the year ensuing the six months, he is liable. The rent had not accrued nor was there a breach of the covenant to pay the annual payment for delay until after the assignment.

It is claimed, on part of the defendant, that the case of Galey v. Kellerman rules the case in favor of the defendant. We do not so read that case. It was decided before the case of Wills v. Natural Gas Co.; and it went to the Supreme Court on assignments of error by the defendant, the assignee of the lease, and only his complaint was heard. Had the rule then been established which is laid down and so well supported by reason and authority in Wills v. Natural Gas Co., it is probable that the defendant in the Kellerman case would have been required to pay more money. In our opinion the present case is ruled

by the case of Wills v. Natural Gas Co., 130 Pa. 222. And now, September 27, 1890, after argument and upon consideration, the rule for judgment in this case is made absolute.

—Judgment having been entered for the plaintiff, in the sum of $1,039.16, the defendant took this appeal, specifying that, the court erred:

1. In making the rule for judgment absolute, and in entering judgment against the defendant.

2. In entering judgment for $231 and interest, being the payment due February 12, 1887.

*Mr. W. F. McCook*, for the appellant.

Counsel cited: Galey v. Kellerman, 123 Pa. 491; Wills v. Natural Gas Co., 130 Pa. 222; Washington N. Gas Co. v. Johnson, 123 Pa. 576; Bradford Oil Co. v. Blair, 113 Pa. 83.

*Mr. C. C. Dickey* (with him *Mr. W. S. Kerr*), for the appellee.

Other than cases cited by defendant, counsel cited: Shettler v. Hartman, 1 Penny. 279; Negley v. Morgan, 46 Pa. 281; Borland's App., 66 Pa. 470.

Per Curiam:

The court below was right in entering judgment against the defendant for want of a sufficient affidavit of defence. The defendant contends, however, that, as assignee of the lessee, he is not liable; that the suit should have been brought against his assignor. But the covenant was in the nature of a covenant to pay rent, and runs with the land. It is settled law that covenants to pay rent or royalty run with the land, and that the assignee of the lease is liable for the payment of all rents or royalties which accrued while he held the assignment of the lease: Borland's App., 66 Pa. 470; Negley v. Morgan, 46 Pa. 281; Bradford Oil Co. v. Blair, 113 Pa. 83; Washington N. Gas Co. v. Johnson, 123 Pa. 576. It is not denied that the respective instalments sued for became due while the defendant held the lease. The liability of the defendant being precisely the same as that of his assignor, the case is ruled by Wills v. Natural Gas Co., 130 Pa. 222. The principle involved is so well discussed in that case that any further consideration of it is unnecessary.

Judgment affirmed.