## Fennell *v.* Guffey, Appellant.

*Jurisdiction—Waiver by plea—Action on oil lease.*

Where a court has jurisdiction of the subject-matter, and is only restricted from entertaining the individual case by some circumstances peculiar to itself, the objection to jurisdiction may be waived.

In an action on a covenant in an oil lease brought in a county other than the county in which the land subject to the lease is situated, objection to the jurisdiction of the court must be made before a plea is filed.   If the defendant has failed to do so, he has waived his privilege.

*Oil lease—Covenant running with the land.*

The assignee of an oil lease is liable for the payment of all rents or royalties which accrue while he holds the assignment of the lease.

Argued Nov. 3, 1892.    Appeal, No. 189, Oct. T., 1892, by defendant, James M. Guffey, from judgment of C. P. No. 2, Allegheny Co., April T., 1891, No. 625, on verdict for plaintiff. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for rents and royalties under oil lease.

The facts, as they appeared at the trial before WHITE, J., are stated in the opinion of the Supreme Court.

*Error assigned*, inter alia, was entering judgment for plaintiff on question reserved.

*Geo. A. Jenks, Willis F. McCook* with him, for appellant, cited: On the question of jurisdiction: Beach v. Morris, 12 S. & R. 16; Gould's Pl. 112; Brown v. Caldwell, 10 S. & R. 118; Mather v. Ministers of Trinity Church, 3 S. & R. 514; Baker v. Howell, 6 S. & R. 476; National Transit Co. v. Weston, 121 Pa. 495; 1 Bouvier's Law Dictionary, 450; Henwood v. Cheeseman, 3 S. & R. 502; Chitty's Pl. 274.

*C. C. Dickey, Denna C. Ogden* and *W. S. Kerr* with him, for appellee, cited: Gould's Pl., 114, § 121; Webb v. Russell, 3 D. & E. 401; Streaper v. Fisher, 1 Rawle, 155; Fennell v. Guffey, 139 Pa. 341; Springer v. Citizens' Nat. Gas Co., 145 Pa. 430; Pollard v. Shaffer, 1 Dal. 210; Springer v. Phillips, 71 Pa. 60; Putney v. Collins, 3 Grant, 72; Wright v. Guier, 9 Watts, 176; Schollenberger Case, 96 U. S. 369; R. R. v. Whitton, 13 Wal. 270; R. R. v. Harris, 12 Wal. 65; Lafayette Ins. Co. v. French, 18 How. 404; Blackford v. Lehigh Valley R. R., 53 N. J. L. 56; Granville County Board of Education v. State Board of Education, 106 N. C. 81; McMinn v. Hamilton, 77 N. C. 300; Morgan v. Bank, 93 N. C. 352; Purslow v. Baily, 2 Ld. Raym. 1039; Dickinson v. Fisher, 2 Str. 858.

PER CURIAM, January 3, 1893:

The first specification alleges that the court below erred in finding in favor of plaintiff and ordering judgment to be entered in his favor on the question reserved.   The question reserved was as follows:

"The land being in Westmoreland county, and neither the lessee, Beardsley, nor his assignee, Guffey, ever having entered into possession or done anything on the premises under the lease, can the action be sustained in Allegheny county?"

The action, while in form assumpsit, was in substance an action of covenant upon the lease. The common pleas of Allegheny county has general jurisdiction in actions of covenant. When the court has jurisdiction of the subject-matter, and is only restricted from entertaining the individual case by some circumstances peculiar to itself, the objection to jurisdiction may be waived: Putney v. Collins, 3 Grant, 72. It was said by Mr. Justice STRONG, in delivering the opinion of the court in that case: "In this case the defendant's objection was that the cause of action was local; that the tort complained of had been committed in Armstrong county, and not in Clarion, and that the action could only be maintained in Armstrong. This was only an objection to the power of the court to try the particular case, and not to its power to try cases of the same general character."

If we concede the defendant's position, it was too late to take advantage of it after plea pleaded. It was at most a personal exemption, and the point should have been raised before the trial. By failing to do so he has waived his privilege.

The defendant further contended that the clause in the lease on which the plaintiff declares is a collateral covenant which does not run with the land. This contention is sufficiently answered by a reference to Fennell v. Guffey, 139 Pa. 341; Springer v. The Natural Gas Company, 145 Pa. 430. The law is well settled that the assignee of a lease is liable for the payment of all rents or royalties which accrued while he held the assignment of the lease.

There is nothing in the remaining assignments which requires discussion.

Judgment affirmed.