Mary E. Clark *v.* Junius R. Clark, Appellant, Edward K. Clark, Ellen C. Hanna and William N. Hanna, her husband.

*Equity—Practice, C. P.—Appeal—Making up record.*

Where a record has been made up and certified for appeal, it is improper practice to pin the decree of the court below to another paper in the case. If the record was made up before the decree was entered, the decree should be sent up by a special return sur diminution of record.

*Trusts and trustees—Accounts—Equity jurisdiction—Acts of April 25, 1850, April 22, 1856 and June 14, 1836.*

On a bill in equity, it appeared that the defendant who had the legal title to certain real and personal estate agreed to hold the property subject to certain interests of the plaintiff and others therein, and to account in the mode and upon the principles set out in the written agreement. This agreement was the foundation of the bill. The property in question was situated in McKean county, Pennsylvania. The bill averred that the defendant " resides and is domiciled in the city of Philadelphia." The defendant admitted in his answer the truth of this averment. *Held,* (1) that the defendant by the agreement constituted himself a trustee, and became liable to account in any court having jurisdiction over him, not by virtue of any statute as to tenants in common, but by the general jurisdiction of chancery to compel performance of equitable duties or the enforcement of equitable rights wherever the party may be found, without reference to the locality of the land; (2) that as far as the jurisdiction of the court was concerned, the Acts of April 25, 1850, sec. 24, P. L. 573, April 22, 1856, P. L. 502, and June 14, 1836, sec. 15, P. L. 632, had no application.

Argued Jan. 15, 1897.   Appeal, No. 537, Jan. T., 1896, by defendant, Junius R. Clark, from decree of C. P. No. 1, Phila. Co., March T., 1896, No. 1262, on bill in equity.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Appeal dismissed.

Bill in equity for an account.

The defendant filed a demurrer setting forth as grounds of demurrer: (1) that said court has no jurisdiction of said bill, because it shows that the oil-producing properties for which complainant asks an accounting and claims to be a cotenant of, are situate in McKean county, Pennysylvania, and her said bill contains no averment that any of said property is in Philadelphia county; (2) that said court has no jurisdiction of said bill, because it contains no averment that at the time of the commencement of the trust claimed in favor of complainant, the said Junius R. Clark was a resident of the county of Philadelphia.

Other facts appear by the opinion of the Supreme Court, and by the following opinion of the lower court:

The plaintiff by her bill claims that her father's real and personal estate in Pennsylvania was sold in his lifetime under judicial process and bought in by the defendant, Junius R. Clark, who has ever since had sole and undisputed possession thereof; that after the death of her said father, the said Junius R. Clark agreed with the widow of the said Joseph F. Clark, and with his children, that each of them should have the same right in the property purchased by him as aforesaid, and in such portions of the property of Joseph F. Clark as had not been sold, as if Joseph F. Clark had himself bought in these properties under judicial sale.   A copy of this instrument duly executed was annexed to the bill.   She further complains that Junius R. Clark has refused to render her any account whatever.   She, therefore, prays for a receiver for an account and for a discovery of the various properties held as aforesaid by the said Junius R. Clark, and other relief.

On the hearing of the case we had no difficulty in finding that a trust was duly created by an instrument in writing, under seal, of which the defendant, Junius R. Clark, was sole

trustee, and the plaintiff, a cestui que trust; and, therefore, ordered him to file an account.

Before filing his account he raises by demurrer the question of the jurisdiction of the court. He contends that by the Act of April 25, 1850, sec. 24, P. L. 569 (Purdon's Digest, 781, pl. 40), it is provided that "in all cases in which any coal or iron ore, mines or minerals have been or shall be held by two or more persons as tenants in common, and coal, iron ore or mineral has been or shall be taken from the same by any one or more of said tenants respectively, it shall be lawful for any one of said tenants in common to apply by bill or petition in equity to the court of common pleas of the county in which the lands lie, praying an account may be decreed," etc.; also that all of the properties claimed in the bill are in McKean county, Pennsylvania.

If this bill had been filed by a tenant in common to compel other tenants in common to account or to disclose their real interest, this point might have been well taken. The property, whatever it may be, was held by Junius R. Clark as the legal owner, and he was in absolute and undisputed possession of it. Being so in possession, he, by his duly executed deed, promised to account for it in the manner therein provided. He is and has been for many years a resident of the city of Philadelphia, and has been here duly served with the process of the court. Having no doubt, therefore, as to our jurisdiction, the demurrer is overruled, and the defendant directed to file his account without further delay.

*Error assigned* was in overruling demurrer.

*Bernard Gilpin*, for appellant.—The question of jurisdiction as to the accounting is governed by the Act of April 25, 1850, sec. 24, P. L. 569, and the Act of April 22, 1856, sec. 1, P. L. 502 (Purdon's Digest, 782, pl. 42), a supplement to the act of 1850.

The Supreme Court, in Stoughton's Appeal, 88 Pa. 198, held that oil is a mineral, and a part of the realty as much as "coal or any other natural product which, in situ, forms a part of the land:" Blakley v. Marshall, 174 Pa. 425.

The Supreme Court held, in the case of North Penna. Coal Co. v. Snowden, 42 Pa. 488, that, if the claim was equitable the remedy of complainant was under the act of 1856.

The case of Thompson v. Noble, 3 Pitts. Reps. 201, although a decision of the court of common pleas only, is on all-fours with the case before the court.

The agreement, "Exhibit A," cannot be enforced as a declaration of trust: Warriner v. Rogers, L. R. 16, Eq. 340; Smith's Est., 144 Pa. 428.

Complainant does not claim in her bill that a trust exists in her favor, and that Junius R. Clark is a trustee for her; but if she did, she is then confronted on this same question of jurisdiction with the Act of June 14, 1836, sec. 15, P. L. 632.

*Samuel R. Taylor* and *J. Claude Bedford*, for appellee.— Appellant was sued as a resident of Philadelphia county, and is expressly found by the court to be resident here. He answered as such, and is concluded by his answer: Fennell v. Guffey, 155 Pa. 38.

It would be a novel proposition to assert, at this late day, that a trustee cannot be compelled to account, no matter where you find him: Fowle v. Lawrason, 5 Peters, 495; Jennings v. Beale, 158 Pa. 283; Russell v. Clark, 7 Cranch, 69; Phila. v. Keyser, 30 Leg. Int. 168.

If this court obtained jurisdiction of this cause, either to compel a delinquent or dilatory trustee to account, or to compel a discovery, the various acts concerning the rights of tenants in common to an accounting, etc., do not touch this case, for this court, having once obtained jurisdiction of the cause, will retain it, to administer complete justice between the parties: Mc-Gowin v. Remington, 12 Pa. 56; Parker v. Dee, 2 Ch. Cases, 200.

No appeal lies from a decree overruling a demurrer, because such decree is not final, unless some statutory authority for such appeal exists, and no such statute is or has been in force, and no appeal lies or is maintainable in equity except from a final decree: Hope Hose Co.'s App., 2 W. N. C. 451; Bishop v. Culver, 1 W. N. C. 272; Robinson's App., 1 W. N. C. 239; Cooper v. Vanfleet, 2 W. N. C. 241; Eckfeldt's App., 13 Pa. 171.

The defendant must show the strictest right after he has taken his chances of a favorable decree in being heard on the merits and having failed: Evans v. Goodwin, 132 Pa. 136;

Edgett v. Douglass, 144 Pa. 95 ; Drake v. Lacoe, 157 Pa. 17 ; Adams's App., 113 Pa. 449 ; Shillito v. Shillito, 160 Pa. 167.

OPINION BY MR. JUSTICE MITCHELL, February 22, 1897 :

The record of this case is discreditably careless in its make-up, and presents irregularities that have given us much unnecessary trouble to disentangle. The appellant filed an answer, and it appears that the case was heard on bill, answer and proofs in open court some time in June, 1896, and a decree made. This decree, from the negligence of the clerk or other unexplained reason, does not appear on the record but it seems to have included an order to account, for on October 24, 1896, after the certiorari was brought into the office, the court filed a formal decree nunc pro tunc as of June 17, ordering the defendant (appellant) to file an account on or before September 1. This decree nunc pro tunc like its predecessor was not entered on the docket, and appears only by a type-written copy, not attested in any way, but merely pinned to the record on a separate piece of paper. The right of the court to correct its record and supply deficiencies to make it conform to the facts at any time before actual return of the certiorari to this court, is not questioned, but the whole record should be carefully and properly made up and certified, and if that was done before the decree was made, then the decree should have been sent up by a special return sur diminution of record. The clerical short cut of pinning the paper to some other after the roll is made up and certified cannot be tolerated, and we should send this record back to be properly made up, if it were not that that course would impose delay and hardship on the appellee for what is not her fault, and that the case really turns on a second decree which will be noticed hereafter.

In the meantime between the decree of June and the decree nunc pro tunc in October, on September 26, the appellant, apparently without asking leave, filed a demurrer raising the question of jurisdiction, and the court, without adverting to the fact that the case had already been heard and decided, filed an opinion overruling the demurrer and again directing the appellant to account without further delay. From this order the present appeal is taken.

The decree quod computet though interlocutory, is the sub-

ject of appeal by virtue of the Act of June 24, 1895, P. L. 243. It is urged by appellee that the objection to the jurisdiction came too late, and the case of Fennell v. Guffey, 155 Pa. 38, affords support to that argument. But the court below was clearly right on the general question. The appellant having the legal title to certain real and personal estate agreed to hold the property subject to certain interests of the plaintiff and others therein, and to account in the mode and upon the principles set out in a written agreement of all the parties, dated July 2, 1877. This writing is the foundation of the present bill. By it the appellant clearly constituted himself a trustee, and became liable to account in any court having jurisdiction over him, not by virtue of any statute as to tenants in common, but by the general jurisdiction of chancery to compel performance of equitable duties or the enforcement of equitable rights wherever the party may be found, without reference to the locality of the land. It is sufficient to refer to our own recent case of Jennings v. Beale, 158 Pa. 283.

The Act of April 25, 1850, sec. 24, P. L. 573, has no application to the case. That refers to tenants in common each holding by his own title and having by such title the right to enter and take coal, iron or other mineral from the land. The act gives a new and cumulative remedy to such tenants against a cotenant who takes more than his share. Nor does the Act of April 22, 1856, P. L. 502, apply. Whatever may be the extent of jurisdiction conferred by the phrase "otherwise interested in any coal or iron mines or other minerals" contained in that act, it is plain that it was not intended to be substituted for, or to take away the ancient equity jurisdiction over a trustee called upon by his cestui que trust to account. Nor is appellant helped by the Act of June 14, 1836, sec. 15, P. L. 632. The bill sets out in paragraph one, that the defendant "resides and is domiciled in the city of Philadelphia." If the fact of residence had, as now argued, any bearing on the question of jurisdiction, the objection should have been promptly made, Fennell v. Guffey, supra, but so far from making the objection, the appellant admitted in his answer the truth of the facts in paragraph one of the bill, and of course he admitted them again by his demurrer.

Appeal dismissed with costs.