W. W. Acheson for use of the Armstrong Coal, Coke &
Iron Co., now for use of H. A. Colwell, Appellant, *v.*
the Kittanning Consolidated Natural Gas Company.

*Landlord and tenant—Privity of contract and estate.*

A corporation rented certain gas lands and subsequently assigned its
leasehold interest to R. The lessee company was finally merged, with
other companies, into defendant corporation. The charter of merger pro-
viding that all obligations of each constituent company should be assumed
by the consolidated, the interest of the legal plaintiff, the original lessor,
by several assignments passed to the equitable plaintiff. In an action
against the consolidated company for rent unpaid since the assignment by
the first lessee, *held,* that a verdict was properly directed for defendant,
there being neither privity of contract nor estate between the equitable
plaintiff and defendant.

Argued May 10, 1898. Appeal, No. 87, April T., 1898, by
H. A. Colwell, from judgment of C. P. Armstrong Co., Sept. T.,
1893, No. 228, on verdict for defendant. Before RICE, P. J.,
BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Af
firmed.

Assumpsit for rent amounting to $306. Before RAY-
BURN, P. J.

The facts sufficiently appear in the opinion of the court.

The court below directed a verdict for defendant. Use plain-
tiff appealed.

*Error assigned* among others was in giving binding instruc-
tions for defendant.

*W. D. Patton,* for appellant.—The question as to the title of
the use plaintiff was entirely immaterial. For in an action on
articles of agreement brought in the name of the legal party
for the use of another, it is not competent for the defendant to
controvert the validity of the transfer of the instrument on
which the suit is brought. In such an action if the assignee
show a right in the legal plaintiff he need not show any right
in himself: Hamilton v. Brown, 18 Pa. 87; Montgomery v.
Cook, 6 Watts, 238.

*M. F. Leason,* for appellee.—The Kittanning Consolidated Natural Gas Company having been incorporated under the general corporation act, had no authority to make the lease sued on : Emerson v. Com., 108 Pa. 111 ; Gas Co. v. Gas Co., 161 Pa. 510.

Covenants to pay rent or royalty run with the land and the assignee of a lease of land for oil and gas production is liable to the lessor for the payment of all rents or royalties which accrue while he holds an assignment of the lease: Fennell v. Guffey, 139 Pa. 341.

It is safe to assume that the new company would be responsible for the existing debts which all the corporations entering into the consolidation may have had at the time but it does not follow that the consolidated company would be responsible for the royalty on a lease which the Kittanning Caloric Company had not put into the consolidation.

OPINION BY BEAVER, J., October 24, 1898 :

The plaintiff declared upon a written lease dated October 21, 1886, between the legal plaintiff and the Kittanning Caloric Co., for a piece of land, to be used " for the sole and only purpose of mining and excavating for petroleum oil and gas and for the laying of pipes either over or under the surface for the transportation of oil and gas, for the consideration of $50.00 yearly rental, payable quarterly, for each and every gas well put down on said lease producing sufficient gas for parties of the second part to utilize in piping to their customers and also one-eighth of all oil produced or taken from said lease; the first party also to have use of such gas as is necessary to supply twelve dwelling house fires in Valley Township, state and county aforesaid, on land adjoining, to be taken by him from the company's main pipe at his own cost for fitting," etc.

On the 2d of January, 1887, the Kittanning Caloric Co. assigned their interest in the aforementioned lease to G. W. and B. F. Reese, with the knowledge and consent of the legal plaintiff, who says in his testimony that, in answer to an inquiry from the attorney of the assignees of the lease, " I replied to him over the telephone that I would have no objections, if my rights were not damaged." Subsequently, to wit: on the 18th day of August, 1887, the Kittanning Caloric Co., the Kittanning Heat

& Light Co. and the Consumers' Natural Gas Co. were merged into one corporation, under the name of the Kittanning Consolidated Natural Gas Co., one of the stipulations in the charter of merger or consolidation being as follows : "All debts, liabilities and duties of either of said companies, parties hereto, shall henceforth attach to said new or consolidated company and be enforced against it, to the same extent as if said debts, liabilities and duties had been incurred or contracted by it." The interest of the legal plaintiff in the lease aforementioned was assigned to the Armstrong Coal, Coke & Iron Co. and subsequently to H. A. Colwell, the equitable plaintiff and appellant in this case.

The court below directed a verdict in favor of the defendant, without in any way indicating the grounds upon which this direction was founded, the defendant's point that "under all the evidence, the verdict must be for the defendant" being affirmed. The affirmation of this point and the direction to the jury to return a verdict for the defendant constitute the only assignments of error.

It is objected by the defendant that the lease with Acheson, of the 21st of October, 1886, was absolutely void, inasmuch as there was no law authorizing the granting of a charter for a natural gas company at the time at which the Kittanning Caloric Co. was incorporated, namely, the 17th of April, 1882. This is definitely decided in the case of Emerson v. Commonwealth, 108 Pa. 111, but it does not affirmatively appear from the testimony that the Kittanning Caloric Co. furnished gas to its consumers, although the terms of the lease above referred to would seem to so indicate. Mr. Justice GREEN, in his opinion, denying a motion for a reargument of Emerson v. The Commonwealth, supra, said : "We carefully distinguish between charters for furnishing heat and those for furnishing natural gas itself and we expressly decline to declare the respondent's charter void, because it was a charter to furnish heat." The charter of the Kittanning Caloric Co. is not set forth in the paper-book of either the appellant or appellee. Its title would seem to indicate that it was incorporated to furnish heat and not gas. We are unable to say, therefore, from the testimony before us, what the terms of the charter were and whether or not the Kittanning Caloric Co. carried on

a business which was authorized by its charter or not. If it furnished natural gas to its consumers, that particular business was clearly not authorized by its charter and any acts relating thereto would have been illegal and void; but, if its business was to furnish heat generated by natural gas, its business may have been protected by its charter. If the charter were in the ordinary form, it was not absolutely void, although the business done under it may not have been protected by it. We cannot say, therefore, as a matter of law that the lease of the 21st of October, 1886, was illegal and void. If, however, the court below based its direction to find for the defendant upon the admitted fact that the lease of the 21st of October, 1886, was assigned by the lessee, with the consent of the lessor, prior to the consolidation and merger with other corporations which together formed the corporation defendant, and which was also assigned by the lessor through intermediate assignees to the present equitable plaintiff, we think there was good ground for the affirmance of the defendant's point and the direction to so find. There is no privity of contract whatever between the equitable plaintiff and the defendant, nor is there privity of estate and, inasmuch as the law in Pennsylvania is well settled that covenants to pay rent or royalty run with the land and that the assignee of a lease is liable for the payment of all rents and royalties which accrue while he holds the assignment of the lease, it follows that the defendant is not liable in the present action. Whether the present holder of the lease is liable to the equitable plaintiff for observing the covenants therein contained and discharging all the obligations raised thereby depends upon facts which are not in evidence and as to which we express no opinion : Washington Gas Co. v. Johnson, 123 Pa. 576 ; Fennell v. Guffey, 139 Pa. 341 ; Goss v. Brick Co., 4 Pa. Superior Ct. 167.

The fact that the defendant allowed the plaintiff to use gas from a well situated upon property outside the lease and conveyed by a main connected therewith in no way creates any new liability. The terms of the lease of the 21st of October, 1896, evidently contemplated the furnishing of gas from a well or wells upon the property therein described.

Upon a careful consideration of the entire case, we are satisfied that a verdict was properly directed for the defendant.

Judgment affirmed.