## Lowry, Appellant, *v.* Atlantic Coal Co.

*Mines and mining—Lease—Covenant running with land—Covenant as to assignments—Consent of owner—Personal covenant—Subsequent assignees—Res adjudicata.*

1. The assignee of a lease is not bound by stipulations which arise from the contract made by another, but only from the liability arising from privity of estate.

2. Where the owner of coal, leases mining rights therein, on royalty for a term of years, and stipulates that the lessee shall not assign the lease without the written consent of the owner, such covenant is a personal one by the lessee, and where he assigns with the written consent of the owner, his assignee is not bound by the covenant, but may assign the lease without the owner's consent.

3. If the lessee so assigns the lease, the assignee becomes liable for the royalty, and the responsibility of the lessee ends.

4. Covenants to pay rent or royalty run with the land, and the assignee is bound by their terms, and this is so though the lease binds the original party and his assigns.

5. In such case it is immaterial that the assignee is of no financial worth, so long as it appears that the transfer was not merely colorable.

6. In a suit against a second assignee for royalty which had become due after the date of a third assignment, and after the third assignee had taken possession, a successful suit against the second assignee for royalties which had accrued in the previous year cannot be set up as res adjudicata. The cause of action was not the same in the two suits.

Argued September —, 1921. Appeal, No. 146, Oct. T., 1921, by plaintiff, from judgment of C. P. Somerset Co., Dec. T., 1920, No. 80, on verdict for defendant, in case of J. C. Lowry v. Atlantic Coal Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for royalties. Before BERKEY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

Assignment of Error—Opinion of the Court. [272 Pa.

*Error assigned,* inter alia, was refusal of judgment for plaintiff n. o. v., quoting record.

*J. C. Lowry,* with him *Alexander King,* for appellant. —Taken in the light most favorable to the assignee, the covenants of the grant would have to be interpreted as covenants running with the estate, and whosoever acquired the estate took it with its limitations and subject to its obligations: Provident L. & T. Co. v. Fiss, 147 Pa. 232; Carr v. Lowry, 27 Pa. 257; Horn v. Miller, 136 Pa. 640.

*Charles F. Uhl,* of *Uhl & Ealy,* for appellee.—There is no question of res judicata: Schwan v. Kelly, 173 Pa. 65; Penna. Laundry Co. v. Land. T. & T. Co., 74 Pa. Superior Ct. 329; Morrison v. Beckey, 6 Watts 349; Williams v. Row, 62 Pa. 118; Schriver v. Eckenrode, 87 Pa. 213; Cavanaugh v. Buehler, 120 Pa. 441; Jackson v. Thomson, 215 Pa. 209.

The liability of defendant to plaintiff ceased on the assignment and transfer by defendant of all rights under the agreement in suit: Negley v. Morgan, 46 Pa. 281; Washington Nat. Gas Co. v. Johnson, 123 Pa. 576; Watt v. Gas Co., 8 Pa. Superior Ct. 618; Ahern v. Standard Realty Co., 267 Pa. 404.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

The appellant conveyed the mining rights for twenty-five years in a property owned by him in Somerset County. Cochrane, the lessee, agreed to pay a minimum royalty, and also not to sublet or transfer his contract without the written consent of Lowry. On October 31, 1916, his interest was assigned to one Black, who, on October 31, 1917, transferred it to the Atlantic Coal Company. In both instances the lessor concurred in writing, but in so doing made no provisions against subsequent transfers without his consent. On July 17, 1919, the annual royalty became due, and no payment having

been made by the coal company because of an alleged surrender of the lease, as a result of a failure to find sufficient merchantable coal, suit was brought to recover the sum fixed. The verdict was in favor of the lessor, and an appeal subsequently taken was nonprossed.

Prior to the accrual of the next installment of royalty, an assignment of the lease was made to one Pritts, who took possession of the property, the coal company releasing all beneficial enjoyment therein. Lowry denied that this action passed any interest, claiming the transfer required his written consent, a provision which, as noted above, appeared in the original lease to Cochrane. It was insisted that this covenant was binding upon all subsequent assignees of the agreement, though not expressly so provided in the paragraph requiring such concurrence.

The present action of assumpsit was instituted to secure the rental due July 19, 1920, and the coal company was made the defendant. It was claimed that its liability became fixed by the proceeding of the previous year, and that the attempted assignment to Pritts, without leave of the lessor, was ineffective. Binding instructions were given for the defendant at the conclusion of the trial which followed, and, from the refusal to enter judgment n. o. v., the present appeal was taken.

The power of the second assignee to transfer to a third, without express approval by the lessor, is the first question for consideration. By the contract, the right to mine was granted to the party of the second part, his heirs or assigns, and the obligation to pay the minimum royalty by all such parties was set forth. The restriction as to future transfers, contained in paragraph five, was limited to the lessee, Cochrane. When he sold to Black, a written permission was given, but it included no limitation upon the right of the latter to assign, without concurrence. True, consent was likewise given when the coal company took possession, though it was not required; nor was it necessary when the transfer to Pritts

was made. The assignee of a lease is not bound by stipulations which appear in the contract made by another, but only by the liabilities arising from privity of estate: Ahern v. Standard Realty Co., 267 Pa. 404; Provident L. & Tr. Co. v. Fiss, 147 Pa. 232. The covenant not to sublet without approval in writing was a personal one, by which of course Cochrane, the first lessee, was controlled. It did not, however, bind the subsequent assignees, since the lessor failed to provide in the first written consent that no additional transfer should be made without his leave: 16 R. C. L. 867; Sanders v. Partridge, 108 Mass. 556; Reid v. Wiessner Brewing Co., 88 Md. 234, 40 Atl. 877; Trickett on Landlord and Tenant, 394. Pritts, therefore, by the act of the coal company, became possessed of such right to mine as the latter had acquired.

What was the effect of this transfer upon the liabilities of the respective parties to the lessor? It was made before July 17, 1920, when the annual royalty became due, and the possession of the land was surrendered by the assignor, and taken by Pritts. There is nothing to indicate that the transaction was merely a disguise by which the coal company retained the beneficial enjoyment, while placing the burden of payment upon its transferee.. Covenants to pay rent or royalty run with the land, and the assignee is bound by their terms: Fennell v. Guffy, 139 Pa. 341; Fennell v. Guffy, 155 Pa. 38. This liability continues, however, only so long as does the privity of estate, and when the control of the land has been surrendered to another it ceases, in the absence of some contract to the contrary: Negley v. Morgan, 46 Pa. 281; Borland's App., 66 Pa. 470. And this is so, though the lease binds the original contracting party and his assigns, as in the present case: Washington N. Gas. Co. v. Johnson, 123 Pa. 576. Having taken possession, the new assignee becomes liable, and the responsibility by the previous holder ends: Hannen v. Ewalt, 18 Pa. 9; MacDonald v. O'Neil, 21 Pa. Superior

Ct. 364; Goss v. Woodland Fire Brick Co., 4 Pa. Superior Ct. 167; Acheson v. Kittanning C. N. Gas Co., 8 Pa. Superior Ct. 477. It is immaterial that he is of no financial worth, so long as it appears that the transfer is not merely colorable: Negley v. Morgan, supra; Goss v. Woodland Fire Brick Co., supra. It may be that Pritts is without means to pay, but it is to him the lessor must look, upon the breach of the covenant for rent. The liability of the present appellee was terminated, and, as to it, no recovery can be had.

It is insisted, however, that the whole question here is res adjudicata, and the liability of the coal company is no longer a matter of inquiry. In the suit of the previous year, as already noted, a recovery was had for the annual royalty due July 17, 1919, the defense being an alleged lack of mineable coal, resulting in a surrender of the lease; judgment was recovered for the plaintiff. Here, an entirely different situation is shown, to wit, an assignment of the lease before the rental has become due, and the taking possession of the land by the assignee. It is undoubtedly true that judgments are conclusive as to all relevant matters which were, or could have been, considered in the prior proceeding: First National Bank v. Dissinger, 266 Pa. 349; McGunnegle v. Railroad, 269 Pa. 404. In order, however, to render a judgment effectual as a bar, it must appear that the cause of action is the same in substance and can be sustained by the same evidence: Schwan v. Kelly, 173 Pa. 65; Nernst Lamp Co. v. Hill, 243 Pa. 448. Clearly, in the present case, a different contention is presented. At the time of the former trial the appellee had not made the assignment and given up possession,—facts upon which the present defense rests. The objection made cannot, therefore, be sustained.

The judgment of the court below is affirmed at the cost of the appellant.