Conti et al., Appellants, *v.* Duve.

190

Argued May 9, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Samuel G. Wagner,* with him *Mayer Sniderman,* for appellants.

*Theodore H. Schmidt,* for appellees.

Opinion by Hirt, J., October 7, 1940:

In the year 1910, the owners of four adjoining tracts of land in Moon Township, Allegheny County, which were cut off from access to the main highway by Flaugherty's Run, entered into a written agreement for the laying out of a private road for their common use

and the use of their heirs and assigns. Pursuant to the terms of the agreement, Theannah E. Duve, built a bridge on her land where the new road crossed the creek and all of the owners contributed to the cost of construction. The agreement provided that "the cost of maintaining said bridge shall be borne by the said Duve, McGovern ...... [and the owners of the other two tracts] equally, that is, each paying the one-fourth cost of said maintenance." In 1924 the bridge was entirely destroyed by flood. In the meantime Theannah E. Duve had died and title to her land had vested in her husband, George J. Duve. Plaintiff Charles C. McGovern, then, after a futile attempt to induce the owners of the other tracts to agree upon the building of a new structure, himself, undertook the work and completed the new bridge with the approaches at a total cost of $3,008.83. The owners of two of the tracts, each, paid McGovern one fourth of that amount but George J. Duve disclaimed liability and refused payment. Three years after the old bridge was destroyed and about one year after the new bridge was completed, George J. Duve married the defendant and thereafter, by conveyances, the title to the tract formerly owned by Theannah E. Duve vested in George J. Duve and Jane Wright Duve, husband and wife, by entireties.

On June 14, 1929 McGovern brought this action, joining with him as plaintiffs to his use, the owners who had contributed to the cost of the new bridge. George J. Duve died in May 1937 before the case came to trial and the action proceeded against Jane Wright Duve, alone, who then was the sole owner of the tract formerly owned by Theannah E. Duve. The jury found for the plaintiff in the sum of $712.50, but, on motion, the verdict was set aside by the court in banc and judgment was entered for defendant n. o. v. This entry of judgment is the sole error assigned.

In this appeal, plaintiff and defendant, following an

agreed statement of facts, stipulated: "STATEMENT OF QUESTION INVOLVED. Where title to property containing a covenant running with the land to maintain and rebuild a bridge vests in a grantee, can an action in assumpsit for the share of the cost of the reconstruction be maintained against the said grantee where the bridge was destroyed and rebuilt prior to the vesting of title in the said grantee?" This stipulation concedes that the agreement of October 5, 1910 was a covenant running with the land and that by its terms, the covenant to share the cost of repairs, imposed liability for one-fourth of the cost of rebuilding the bridge. Therefore the single question involved is whether this defendant, who had no interest in the land at the time of the destruction of the old bridge or before the completion of the new structure, is obliged, because of the covenant of her predecessor in title, to contribute to the cost of the bridge.

According to the stipulation, the agreement to repair or rebuild was a real covenant and the benefits or burdens of the contract passed by the conveyances to subsequent purchasers of the several tracts to which the agreement applied. But the covenant imposed no liability on a grantee, not a party to the agreement, for the performance of covenants previously broken by a former owner, for the obligation to perform follows only from *privity of estate*. In an action for damages for the breach of a covenant running with the land a plaintiff must show either privity of contract or privity of estate. The obligation, imposed by a covenant which runs with the land, upon a subsequent conveyance becomes binding upon the grantee and renders him liable to suit for breaches which occur during his ownership but not for breaches committed by those who preceded him as owners of the land. 14 Am. Jur. 516, §44; *Goldberg v. Nicola et al.*, 319 Pa. 183, 178 A. 809; *Ottman et al. v. Nixon-Nirdlinger et al.*, 301 Pa. 234,

151 A. 879; *Lowry v. Atlantic Coal Co.,* 272 Pa. 19, 115 A. 847; 79 A. L. R. 496, note. In *Washington N. Gas Co. v. Johnson,* 123 Pa. 576, 16 A. 799, frequently cited here and in other jurisdictions as a leading case on the subject, the covenant related to the drilling of a second oil well within a stated period. The lease containing the agreement was made with the owner of the land by Guffey & Co., who later assigned the lease to Robbins. The gas company bought the lease from Robbins two months after the oil well should have been completed and five months after it should have been begun. It was there held: "We find ...... the liability of the gas company to depend upon the extent to which the covenants of Guffey & Co. ran with the land. That they continued liable, notwithstanding their assignment to Robbins, is very clear. The covenant was their own, and their privity of contract with their lessors continued, notwithstanding their assignment of the lease. Their assignee, Robbins, who was in possession when the time for performance arrived, was also liable, because of the privity of estate which arose upon his acceptance of the assignment. Acquiring the lease-hold estate by an assignment of the lease, he is fixed with notice of its covenants, and he takes the estate of his assignor cum onere. But as his liability grows out of privity of estate, it ceases when the privity ceases. If he has assigned before the time for performance, his liability would have ceased with his title, and liability would have attached to his assignee by reason of privity of estate, and so on, toties quoties. Each successive assignee would be liable for covenants maturing while the title was held by him because of privity of estate; but he would not be liable for those previously broken, or subsequently maturing, because of the absence of any contract relations with the lessor."

The instant case is ruled by these principles. Three years after the old bridge was destroyed and one year

after the new bridge was completed, the defendant married George J. Duve and first obtained an interest as owner of one of the tracts. She was a stranger to the original covenant and since there was no privity of estate, nor of contract, between her and the other owners at the time the covenant to rebuild accrued, she is not liable. "The covenant ran with the land until the breach. It then ceased to run, because it was turned into a cause of action": *Washington N. Gas Co. v. Johnson,* supra.

Judgment affirmed.