## Kennedy v. McGinley, Jr.

*John T. J. Brennan*, for plaintiffs.
*Joseph L. O'Donnell*, for defendants.

APONICK, J., November 2, 1955.—This case is before the court on exceptions to an adjudication and decree nisi which, inter alia, directed that defendants remove a tree which is, at the present time, blocking a common or easement driveway between the properties owned by the parties. (Editor's note: See 45 Luz. 187.) After defendants had filed exceptions, the matter was argued before the court en banc. Briefs were filed by both sides but they contained no authorities to enlighten the court on the questions involved. Our independent research, however, has brought to light some cases which convince us that the decree nisi is erroneous and that the exceptions should be sustained.

Plaintiffs and defendants are the owners of adjoining parcels of land. They took title from a common grantor and each deed contains a mutual easement over four feet of land on either side of the dividing line. At the time of the purchase of the properties by

the parties to this litigation (plaintiffs, 23 years, and defendants, 19 years ago) there was a tree in front of defendant's premises. In that long period of time, the tree has naturally grown and it now represents a serious obstruction to the use of the driveway. Plaintiffs brought this action to compel defendants to remove the tree. The decree nisi directs that this be done. The authorities which have come to our attention since the filing of the adjudication do not support that conclusion.

The provisions in the respective deeds creating the mutual easements constitute covenants running with the land and binding upon the grantees in each instance, but they are liable only for breaches which occurred during their ownership and not for breaches committed by those who preceded them as owners of the land: Conti et al. v. Duve, 142 Pa. Superior Ct. 189, 192; Goldberg v. Nicola et al., 319 Pa. 183.

In the present case, the tree which is now obstructing the driveway was growing in the same place when both plaintiffs and defendants acquired title. Whether it was planted by a former owner or grew naturally is not known or important. True, it was not an obstruction at the time of acquiring title but it is the same tree, only larger. Therefore, defendants not having created the obstruction, are not responsible for its removal.

A somewhat similar factual situation appears in the case of Dyer et ux. v. Compere, 41 N. M. 716, 73 P. 2d 1356. There the action was brought to enjoin and restrain the owner of the servient tenement, inter alia, from maintaining a tamarisk hedge adjacent to an easement driveway. The hedge had been planted by a predecessor in title to the servient tenement and had grown to be an obstruction. The Supreme Court of New Mexico held that the owner of the easement was entitled to have the obstruction removed but that he

could not compel the owner of the servient tenement to do so unless the latter had created the obstruction. The court granted an injunction restraining the owner of the servient tenement from interfering with the owner of the easement in removing the hedge.

In the course of the opinion, the court uses the following language:

"The owner of the servient estate is under no obligation, in the absence of special agreement, to repair or maintain the way, the rule being that he who uses the easement must maintain it in proper condition or suffer the resulting inconvenience. 19 C. J. 980, §228; 9 R. C. L. 794, §51; Doan v. Allgood, supra; Hammond v. Hammond, 258 Pa. 51, 101 Atl. 855, L. R. A. 1918A, 590.

"Incident to such duty, the owner of the easement has the right to go upon the servient estate at all reasonable times to effect proper repairs and maintenance. 9 R. C. L. 795; Tong v. Feldman, 152 Md. 398, 136 Atl. 822, 51 A. L. R. 1291. A kindred right exists in the owner of an easement to remove obstructions unlawfully placed thereon by the owner of the servient estate or any other person, as well as natural obstructions interfering with use of the way, so long as the same may be done without a breach of the peace. 19 C. J. 988, §244; 9 R. C. L. 801, §57. . . .

"The complaint at times seems framed in the mistaken conception that appellee is obliged to remove the hedge. This reflects an erroneous view of the relative rights of the parties. The planting or maintenance of the hedge, if it prevented proper and reasonable use of the way, might have been restrained by appellants in the first instance as against the original wrongdoer. But that wrong was personal to her. Responsibility therefor did not follow the land into appellee's hands."

Such language is particularly apposite to this case and in the absence of contrary authority in Pennsylvania, we feel constrained to follow the decision of the New Mexico court.

Accordingly, the exceptions of defendants are sustained and we now enter the following

*Final Decree*

1. The complaint of plaintiffs is dismissed except as to those matters agreed upon by the parties.

2. Plaintiffs and defendants each to pay their own costs.